UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-20026-CIV-MORENO

JORGE E. CABRERA,

    Plaintiff,

vs.

DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and (6) **(D.E. No. 11)**, filed on **March 18, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED for the following reasons.

### Background

The Plaintiff, Jorge Cabrera, is Cuban citizen, admitted to the United States as a lawful permanent resident on May 10, 1998. On or about January 27, 2006, United States Citizenship and Immigration Services (USCIS) approved Plaintiff's application for naturalization. Days before taking the oath of citizenship, Plaintiff was arrested and charged with *inter alia* Conspiracy to Engage in Unlawful Wholesale Distribution In Interstate Commerce of Prescription Drugs, and Unlawful Wholesale Distribution of Prescription Drugs. Plaintiff appeared at his naturalization ceremony on April 12, 2006, where he indicated he had been arrested and charged with a criminal

offense. As a result, Plaintiff did not take the oath, and was removed from the ceremony.

On April 27, 2006, USCIS informed Plaintiff that his naturalization proceedings were being reopened, and notified Plaintiff to appear on May 25, 2006 before USCIS with certified arrest documents. Plaintiff appeared with uncertified photocopies of the criminal complaint relating to his arrest, and testified that his criminal proceedings were still pending in court. As a result, USCIS denied Plaintiff's application for naturalization. USCIS found that Plaintiff failed to provide the documentary evidence requested of him, and that Plaintiff could not establish he was person of good moral character during the statutory period pursuant to 8 C.F.R. § 316.10.

On or about June 23, 2006, Plaintiff requested an administrative review hearing over the denial of his application pursuant to section 336(a) of the Immigration & Nationality Act. USCIS scheduled an administrative hearing on Plaintiff's appeal, and advised Plaintiff that failure to appear at the hearing could result in denial of his application. On October 11, 2007, USCIS held the hearing, and Plaintiff failed to appear. Four days later, USCIS received a written request to continue the hearing, which USCIS denied.

On October 17, 2007, USCIS reaffirmed the denial of Plaintiff's application for naturalization, finding that Plaintiff had failed to satisfy his burden to prove that he was a person of good moral character. USCIS concluded that Plaintiff failed to establish his statutory eligibility for naturalization. At the time of this denial, Plaintiff was adjudicating an appeal of his criminal conviction in the United States Court of Appeals for the 11th Circuit.

Plaintiff filed the instant action on January 7, 2008, requesting a *de novo* review of USCIS's denial of his application for naturalization.

## Analysis

The Court grants Defendant's Motion to Dismiss because Plaintiff has failed to establish

that the Court has jurisdiction over the instant action, and that Plaintiff was statutorily eligible for naturalization. Under section 310(c) of the Immigration & Nationality Act, "A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5, United States Code." The pleadings and motions filed before this Court indicate that Plaintiff is not residing in the Southern District of Florida. Therefore, Plaintiff's claim is dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2).

Additionally, USCIS determined that Plaintiff failed to establish that he was statutorily eligible for naturalization. An applicant for naturalization bears the burden of establishing that he has been a person of good moral character during the statutory period. *See* 8 C.F.R. § 316.10(a)(1). The statutory period includes the period between the examination and the administration of the oath of allegiance. *Id*. Further, an applicant shall be found to lack good moral character if *inter alia* he was convicted of an aggravated felony as defined in section 101(a)(43) of the Immigration and Nationality Act on or after November 29, 1990, or, if during the statuory period, he committed one or more crimes involving moral turpitude, violated any law of the United States relating to a controlled substance or was confined to a penal institution for an aggregate of 180 days pursuant to a conviction or convictions. *See* 8 C.F.R. § 316.10(b). An applicant for naturalization may also be found to lack good moral character if, during the statutory period, the applicant committed unlawful acts that adversely reflect upon his moral character, or if he was imprisoned for such acts, although the acts do not fall within the purview of § 316.10(b)(1) or (2). *See* 8 C.F.R. § 316.10(b)(3).

At the time of his May 25, 2006 interview, Plaintiff failed to provide the conviction

records regarding his criminal history and, as a result of his recent criminal conviction, Plaintiff could not establish that he was a person of good moral character. By the time of the administrative appeal hearing, the Plaintiff had already been convicted of Conspiracy to Engage in unlawful Wholesale Distribution in Interstate Commerce of Prescription Drugs and to Transport in Interstate Commerce Goods Stolen and Taken by Fraud (Count I) and Unlawful Wholesale Distribution of Prescription Drugs (Count II). It appears that Plaintiff failed to appear for his hearing because he was incarcerated, serving the sentence for his conviction. Under the circumstances, USCIS properly determined that Plaintiff could not establish good moral character, and in turn, failed to establish that he is statutorily eligible for naturalization. Therefore, Plaintiff's claim is dismissed under Fed. R. Civ. P. 12(b)(6). The Court recognizes that USCIS denied Plaintiff's application without prejudice, and Plaintiff is free to refile a new application for naturalization with USCIS at any time.

## Conclusion

Defendant's Motion to Dismiss is granted. This case is now closed, and all pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record